UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SILVIA J. THOMAS,

    Plaintiff,

v.

CHANCEY P. MILLER and ELMWOOD
CEMETERY,

    Defendants.

Case number 07-11760

Honorable Julian Abele Cook, Jr.

## ORDER

On November 30, 2006, the Plaintiff, Silvia Thomas, initiated this lawsuit in the Wayne County Circuit Court of Michigan, in which she accused the Defendants, Chancey P. Miller and Elmwood Cemetery, of (1) providing her with an unsafe workplace, and (2) wrongfully terminating her employment. On March 26, 2007, she amended her complaint to include a claim against the same Defendants under 42 U.S.C. § 1981. Approximately one month later, the Defendants, after removing the lawsuit to this Court on the basis of its federal jurisdictional authority, filed a motion to dismiss her complaint, citing the doctrine of *res judicata* as the basis for their request. As an alternative form of relief, the Defendants have asked the Court to dismiss the allegations in counts 3, 6, 7, 8, and 9 of the complaint because of Thomas' alleged failure to state an actionable claim. Fed. R. Civ. P. 12(b)(6).

On January 9, 2008, the Court issued an order which granted in part and denied in part the Defendants' dispositive motion. The Court, while agreeing that Counts 3, 6 and 9 of the complaint

1

should be dismissed of Thomas' failure to state a viable claim upon which relief can be granted, denied the balance of the Defendants' motion. On January 24, 2008, the Defendants filed a motion, in which they collectively asked the Court to reconsider the portion of its January 9th order that rejected their request for a dismissal on *res judicata* grounds.[1] As an alternate basis for relief, they have also requested the Court to amend its order of January 9th which, if granted, would enable them to certify the issue for an interlocutory appeal to the Sixth Circuit Court of Appeals.

I

Silvia Thomas is an African-American woman who was employed by Elmwood Cemetery in Detroit, Michigan as a sales consultant from 1993 to 2004, a period during which Chancey P. Miller served as its general manager. In her complaint, Thomas contends that she was subjected to second-hand cigarette smoke and toxic mold while employed at the cemetery, which caused her to develop severe health problems. During the latter days of February 2003, she submitted a complaint to the City of Detroit's Building Safety & Engineering Department, citing to the presence of toxic mold and lead dust in her workplace.

On January 16th of the following year, Thomas' tenure of employment was involuntarily terminated. At some point thereafter, she learned that her Blue Cross/Blue Shield health care protection had been cancelled by the Elmwood Cemetery. She contends that Miller had wrongfully refused to allow her to continue this health insurance coverage through the applicable provisions

---

[1] The Defendants filed their motion for reconsideration on January 24, 2008 in compliance with E.D. Mich. LR 7.1(g). Their motion was timely proffered to the Court within a period of ten days of the challenged order of January 9, 2008. *See* Fed. R. Civ. P. 6(a).

of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161, 1166.[2]

On April 23, 2004, Thomas filed a lawsuit in the Wayne County Circuit Court of Michigan, in which she complained that the two Defendants had (1) wrongfully discharged her in retaliation for having reported legitimate environmental concerns to the municipal authorities, and (2) violated her rights to access the applicable provisions of COBRA. The Defendants, after denying these charges, caused the case to be removed to this federal court. However, when Thomas voluntarily dismissed her COBRA claim, the Court remanded the case to the state court where the parties subsequently agreed to submit their respective positions to an arbitrator. When (1) they were unable to agree upon the basic terms that would govern the projected arbitration process, and (2) it became apparent to the state court that no progress had been made by them toward an amicable resolution of their differences, the case was dismissed without prejudice on January 3, 2006.

Even though the state court litigation had not been officially terminated, Thomas filed a lawsuit in this federal court against the same Defendants in February 2005 (Case No. 05-70473), in which she alleged a violation of COBRA. In an order which bore the date of September 7th of the same year, this Court dismissed her lawsuit with prejudice after concluding that both of the Defendants were entitled to the entry of a summary judgment under Fed. R. Civ. P. 56.[3]

On November 30, 2006, Thomas returned to the judicial arena for a third time, in which she

---

[2]This statute, in essence, enables those workers, who have lost or left their jobs, to continue receiving health benefits that had been previously provided to them by their employers for a limited period of time.

[3]This decision was based on the undisputed fact that Thomas' now-former employer, Elmwood Cemetery, had less than twenty employees during the period of time that is relevant to this controversy.

asserted a series of claims against her former employer and its general manager in the Wayne County Circuit Court of Michigan. However, when she modified her complaint on April 20, 2007 to include a federal claim under 42 U.S.C. § 1981, the Defendants caused the lawsuit to be removed to this Court. In Thomas' amended complaint, she raised the following allegations against the Defendants; namely, (1) a violation of the Elliott-Larsen Civil Rights Act of Michigan, Mich. Comp. Laws § 37.2101 *et seq.*; (2) an intentional tort in violation of Mich. Comp. Laws § 418.131(1); (3) a wrongful discharge in violation of Mich. Comp. Laws § 408.1065; (4) a violation of 42 U.S.C. § 1981; (5) an intentional infliction of emotional distress; (6) a violation of an employer's duty to provide its employees with a safe work place; (7) acts of negligence; (8) reckless or wilful and wanton conduct; (9) a violation of the Michigan Whistle Blower's Protection Act, Mich. Comp. Laws § 15.361; and (10) "false lights."[4]

II.

The Defendants' motion, which is now before the Court, is their collective request for the reconsideration of its January 9, 2008 order. According to the Local Rules for the Eastern District of Michigan, an aggrieved party, who seeks the reconsideration of a decision, must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) show that correcting the defect will result in a different disposition of the case. This Local Rule also provides that "motions for . . . reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3).

Here, the Defendants claim that the Court committed a palpable error by failing to give *res*

---

[4]In this count, Thomas alleges that Miller disseminated information to the Board of Trustees of the Elmwood Cemetery which "placed her before them in a false light or false position. . . ." (Thomas' Amended Complaint at ¶ 234.)

*judicata* effect to its 2005 Order. They urge the Court to construe its 2005 order as a dismissal on the merits, and not on jurisdictional grounds, citing *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006), to support their argument. According to these two movants, the reliance on the law by the Court at the time of the order of September 7, 2005 – rather than on *Arbaugh* – contravenes settled principles which govern Supreme Court decisions relating to the principals of retroactivity.

In *Arbaugh,* the Supreme Court resolved the disparity among the lower courts over whether the employee numerosity requirements of Title VII were jurisdictional in nature rather than elements of a plaintiff's claim under this statute. This statute – like COBRA – imposes liability upon those employers who violate its provisions. According to the provisions of Title VII, the term "employer" is applicable only to those entities that employ a threshold number of workers. 42 U.S.C. § 2000(e). No aggrieved employee can claim relief under Title VII or COBRA without demonstrating that the employer employed the requisite number of employees. 42 U.S.C. § 2000(e); 29 U.S.C. § 1161. In a unanimous decision, the *Arbaugh* Court characterized the numerosity requirement as an essential element of a plaintiff's claim – not a jurisdictional matter. *Arbaugh* at 515. The Supreme Court reached this conclusion after observing that the Title VII employee-threshold requirement "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* As applied to the instant case, the COBRA exemption for small businesses is not written in jurisdictional terms. 29 U.S.C. §1161. On its face, Section 1161 does not implicate the jurisdiction of the district courts. Thus, *Arbaugh* requires a finding that COBRA's numerosity requirements are not jurisdictional.

When the Supreme Court released its *Arbaugh* decision on February 22, 2006, Thomas had already registered her disagreement with the order of September 2005 by filing an appeal to the

Sixth Circuit Court of Appeals. On June 27, 2007, this challenged decision was affirmed, along with an acknowledgment of the holding in *Arbaugh*. *Thomas v. Miller, et al.,* 489 F.3d 293 (2007). In an earlier decision which interpreted the impact of *Arbaugh,* the Sixth Circuit observed that, while it is normally bound by prior precedent notwithstanding its correctness, *Arbaugh* overruled its prior holding in *Douglas v. Baldwin & Assocs., Inc.,* 150 F.3d 604, 607 (6th Cir. 1998), which had construed the numerosity requirements as jurisdictional. *See Cobbs v. Contract Transport, Inc.*, 452 F.3d 543, 549 (6th Cir. 2006). Thus**,** the Sixth Circuit found itself duty-bound to apply the principles of *Arbaugh*.

When the Supreme Court applies a rule of federal law to the litigating parties, it becomes the controlling interpretation, "and must be given full retroactive effect in all cases still open on direct review." *Harper v. Virginia Department of Taxation,* 509 U.S. 86, 97 (1993). Two years after *Harper*, the Supreme Court further clarified this rule in *Reynoldsville Casket Co., et al., v. Hyde,* 514 U.S. 749, 752 (1995):

> When (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other courts must treat that same (new) legal rule as "retroactive," applying it, for example, to all pending cases, whether or not those cases involve predecision events.

Here, the challenged order of September 7, 2005 was on direct review when the Supreme Court released its decision in *Arbaugh*. Thus, the Defendants have correctly argued that under the standards of *Harper* and *Reynoldsville Casket Co.,* this Court and the Sixth Circuit Court of Appeals are bound to give full retroactive effect to *Arbaugh*. Thus, it appears in retrospect that the reliance by this Court on *pre-Arbaugh* law in its January 9, 2007 order was erroneous.

Applying *Arbaugh* and *Thomas* to the instant case leads this Court to conclude that COBRA's small business exception was not a jurisdictional requirement. Rather, it was an element

6

of the plaintiff's claim under COBRA. Accordingly, the Court must construe its September 7, 2005 order as having declared the Defendants' motion for summary judgment to be a final decision on the merits.

As noted in the order of January 9, 2008, the doctrine of *res judicata* precludes multiple lawsuits that relitigate the same cause of action. *Sewell v. Clean Cut Mgt., Inc.,* 463 Mich. 569, 575; 621 NW2d 222 (2001). A subsequent lawsuit must be barred if (1) the prior action was decided on the merits, (2) both cases involve the same parties or their privies, and (3) the issues raised in the subsequent suit were, or could have been, resolved in the first litigation. *Id.*[5] Here, the order of September 2005 was a decision on the merits that involved an identical dispute between the same parties. Therefore, the Court must, and does, recognize the preclusive effect of the *res judicata* doctrine to its decision of September 7, 2005.[6]

### III.

Notwithstanding its decision on January 9, 2008, the Court finds that the current lawsuit is barred by the doctrine of *res judicata*, and the Defendant's motion for reconsideration must be, and is, granted. Accordingly, the Defendants' motion to dismiss is granted.

IT IS SO ORDERED

---

[5]*Res judicata* bars not only those claims already litigated, but any other claim "arising from the same transaction that the parties . . . could have raised but did not." *Dart v. Dart*, 460 Mich. 573, 586; 597 NW2d 82 (1999).

[6]In light of the resolution of the Defendants' motion for reconsideration, the Court will decline to rule on their request to certify the issue for interlocutory appeal.

Dated: May 28, 2008                    s/ Julian Abele Cook, Jr.
       Detroit, Michigan               JULIAN ABELE COOK, JR.
                                       United States District Court Judge


CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 28, 2008.

                                       s/ Kay Alford
                                       Case Manager